UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80972-Civ-ZLOCH
MAGISTRATE JUDGE P.A. WHITE

REGINALD E. GRIMES,

    Plaintiff,

v.                                    PRELIMINARY REPORT OF
                                      MAGISTRATE JUDGE

OFFICER RICHARD ROTT,
FIVE UNKNOWN FEDERAL AGENTS,
DRUG ENFORCEMENT ADMINISTRATION, and
UNITED STATES MARSHALS SERVICE

    Defendants.
_____/

## I. Introduction

Reginald E. Grimes filed a pro se civil rights complaint, pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), asserting his constitutional rights were violated. The plaintiff has been permitted to proceed without prepayment of the filing fee, but a debt to the Clerk of Court has been established in the amount of $350.00. (DE#8).

The plaintiff names the following Defendants: Federal Task Force Officer Richard Rott ("Officer Rott"), five unknown federal agents, the Drug Enforcement Administration ("DEA"), and the United States Marshals Service. In brief, the plaintiff alleges that Officer Rott and the five unknown federal agents violated his constitutional rights when they assaulted him, unlawfully searched his vehicle, and seized his property. The plaintiff seeks compensatory and punitive damages.

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district

court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

It is noted that pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for screening of the plaintiff's complaint, pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A.

## II.  Standard of Review

The Prison Litigation Reform Act ("PLRA") provides that cases proceeding *in forma pauperis* must be screened as follows:

> (e)(2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> ...
> (B)  the action or appeal --
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915.

Failure to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6).

Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

The United States Supreme Court recently clarified the requirements of Section 12(b)(6) in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint need not contain detailed factual allegations. See Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief.") However, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555. The allegations must rise above the speculative level and "state a claim to relief that is plausible on its face." Id. at 570.

This analysis requires a two-step inquiry. First, the court must identify the complaint's factual allegations, which are entitled to an assumption of truth, and identify and reject the legal conclusions to which no assumption of truth applies. Iqbal, 556 U.S. at 678. Second, the court must determine whether these factual allegations, taken as true, plausibly suggest an entitlement to relief. Id. at 679. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint is insufficient. Id.

In the context of a both Bivens and Section 1983, a plaintiff must establish (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. 42 U.S.C. 1983; Polk County v. Dodson, 454 U.S. 312 (1981); West v. Atkins, 487

U.S. 42, 48 (1988); Parratt v. Taylor, 451 U.S. 527 (1981) *overruled on other grounds by* Daniels v. Williams, 474 U.S.327 (1986); see also Butz v. Economou, 438 U.S. 478, 498-99 (1978) (analogizing Bivens claims to claims under Section 1983). Further, the plaintiff must establish proof of an affirmative causal connection between a defendant acting under color of state law and the constitutional deprivation alleged. Troupe v. Sarasota County, 419 F.3d 1160, 1165 (11th Cir. 2005).

### III. Background

On January 13, 2015, Grimes, along with eighteen others, was charged by Indictment with multiple offenses stemming from a wiretap investigation.[1] See United States v. Moore, et al., 15-80003-Cr-Middlebrooks. Specifically, Grimes was charged with conspiracy to distribute and possess with the intent to distribute at least one kilogram of heroin, in violation of Title 21, United States Code, Section 856 and possession with intent to distribute heroin, in violation of Title 21, United States Code, Section 841. Id. at DE# 3. Grimes was arrested on January 14, 2015, and found in possession of four cellular telephones, two of which he used during a wiretap. Grimes entered pleas of not guilty to the crimes charged and the case proceeded to jury trial. On April 15, 2015, Grimes filed a Motion to Suppress "Any Cellular Telephones that [were] Allegedly in Defendant's Possession on January 14, 2015." Id. at DE# 406. Grimes sought the suppression of four cellular telephones that were found in his possession and seized after his arrest on

---

[1] The Court takes judicial notice of its own records filed in United States v. Grimes, No. 15-80003-Cr-Middlebrooks. See Fed.R.Evid. 201(b)(2), (c)(permitting the Court to take judicial notice on its own of a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)("A court may take judicial notice of its own records and the records of inferior courts.").

January 14, 2015. Id. Grimes claimed *inter alia* in his motion that Special Agent Linehan improperly obtained evidence from Avis rent-a-car which led to the seizure of his cellular devices. Id. After reviewing Grimes's motion and the Government's response thereto, this Court denied the motion to suppress. Id. at 497, 502. Grimes was tried before a jury and found guilty on July 31, 2015, of the crimes charged in the Indictment. Id. at DE# 657. He was sentenced to two concurrent terms of imprisonment of 168 months to be followed by 5 years of supervised release. Id. at DE# 789.

### IV.   Facts Set Forth in the Complaint (DE#1)

Plaintiff asserts that on the day of his arrest, January 14, 2015, at around 5:30 a.m., he was driving a rental vehicle when strange cars with dark tinted windows suddenly approached him. Plaintiff states that he panicked and drove his car to a safe area near his residence. He then pulled over, exited the car, and laid down on the pavement. According to plaintiff, at that point, Federal Task Force Officer Richard Rott and five other unknown federal agents hit him in the head and face with a heavy object that resembled a firearm. Plaintiff also asserts that the federal task force officers kicked him in the back and on the sides of his body. Plaintiff claims that his injuries were so severe that he was transported to the hospital.

Plaintiff further alleges that Officer Rott illegally searched his car and unlawfully seized from the glove compartment four black cellular phones. In addition, he asserts that Defendant Rott seized his personal possessions, including $963.00, his Gucci wallet, his driver's license and other important information.

Lastly, plaintiff mentions that Special Drug Enforcement Agent

5

William Linehan attempted to cover up Officer Rott's actions by providing plaintiff with false information. Specifically, plaintiff states that Agent Linehan told him that it was a Riviera Beach Police Officer by the name of "Rick Roth" who was responsible for plaintiff's missing possessions. Regardless, plaintiff does not name Agent Linehan as a defendant.

## V.  Discussion

### 1. Excessive Force Upon Arrest

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985). "[C]laims of excessive force are to be judged under the Fourth Amendment's 'objective reasonableness' standard." Brosseau v. Haugen, 543 U.S. 194, 197 (2004) (citing Tennessee v. Garner, 471 U.S. 1 (1985) and Graham v. Connor, 490 U.S. 386 (1989)). Thus, "[t]he question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer." Vinyard v. Wilson, 311 F.3d 1340, 1347 (11 Cir. 2002). In this respect, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396.

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (quotations omitted).

6

This analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. In addition, other considerations include: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11 Cir. 2008) (quotation omitted). In this respect, the Supreme Court has "recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396.

The plaintiff's allegation, which must be accepted at this stage of the proceedings, reveals that Officer Rott and five unknown federal task force agents hit and kicked plaintiff in and about his body for no apparent reason while he laid face down on the ground posing no threat. Defendant Rott and the five unknown agents caused plaintiff to sustain injuries which required immediate medical attention. At this juncture, the Plaintiff has raised sufficient facts to state a claim under the Twombly standard that his constitutional rights were violated by Federal Task Force Officer Richard Rott and the other unknown officers for engaging in excessive force and causing physical injuries. See Skrtich v. Thornton, 280 F.3d 1295, 1304 (11th Cir. 2002) ("[A] prisoner cannot be subjected to gratuitous or disproportionate force that has no object but to inflict pain.... The use of force must stop when the need for it to maintain or restore discipline no longer

exists."). Accordingly, it is recommended that the claim concerning excessive force proceed against Officer Rott and those unidentified John/Jane Doe federal officers in their individual capacity. Plaintiff shall attempt to identify the remaining unnamed John/Jane Doe federal officers who participated in the beating within a reasonable period of time.

### 2. Illegal Search and Seizure

The plaintiff also sues Defendant Rott for violating his Fourth Amendment rights by illegally searching his vehicle and seizing four black cellular phones.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, . . . against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. The Supreme Court has recognized liability of individual federal officers for violations of the Fourth Amendment. See Bivens, 403 U.S. at 388. One such exception is for a search incident to a lawful arrest. The Fourth Amendment tolerates these searches because they provide for the safety of law enforcement and prevent the destruction or concealment of evidence. Chimel v. California, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Once an occupant of an automobile is placed under arrest, law enforcement may contemporaneously search both the occupant himself and the passenger compartment of the automobile. United States v. Gonzalez, 71 F.3d 819, 825 (11th Cir.1996). Importantly, although Chimel provides the underlying rationale for allowing a search incident to an arrest, authority to conduct such searches does not turn on the probability that weapons or evidence will be discovered. United States v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427

(1973).

Aside from vaguely asserting that the search of his car and seizure of his property was done illegally, plaintiff does not provide any specific factual allegations to support a Fourth Amendment violation. Since the complaint is devoid of any assertions that plaintiff's arrest was illegal, based on the allegations before this Court, the search incident to plaintiff's arrest appears to have been proper. Consequently, this claim warrants dismissal pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(ii).

### 3. Taking of Property

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. The Supreme Court has recognized Bivens liability for violations of the Fifth Amendment Due Process Clause. See Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (finding implied damages remedy under the Due Process Clause of the Fifth Amendment).

However, the Supreme Court has also held that the Due Process Clause of the Fourteenth Amendment is "not implicated by a negligent act of an official causing unintended loss of property." Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)(emphasis omitted). The Fourteenth Amendment's Due Process Clause and Fifth Amendment's Due Process Clause prohibit the same activity, with the Fifth Amendment simply applying to federal officials, rather than the state officials. See Dusenbery v. United States, 534 U.S. 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002).

Plaintiff's claim that Officer Rott's behavior resulted in the loss of his property cannot support a Bivens claim, as there is no unconstitutional deprivation of property. See Daniels, supra (negligence of federal agent resulting in property loss not constitutional violation). In this case, the factual allegations may support a claim of negligence, but fall short of supporting a claim of intentional, unconstitutional conduct. Despite alleging Officer Rotts acts were made in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property to deprive him of his property, plaintiff does not specifically state, nor are there facts to support, a claim that Rott deprived plaintiff of due process. As such, this claim warrants dismissal pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(ii).

### 4. DEA and United States Marshals Service

Finally, plaintiff lists the DEA and the United States Marshals Service as defendants, he nonetheless fails to assert any allegations whatsoever against these defendants.

Furthermore, a Bivens cause of action cannot be brought against a federal agency. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (the purpose of Bivens is to deter the officer). It is well-established that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992)(*quoting* United States v. Sherwood, 313 U.S. 584, 586 (1941)). "Sovereign immunity protects the United States against judgments that would

10

require an expenditure from public funds, that interfere with public administration or that would restrain the Government from acting, or to compel it to act." (quotations and citations omitted). Hensel v. Office of the Chief Administrative Hearing Officer, 38 F.3d 505, 509 (10th Cir. 1994). Sovereign immunity is a jurisdictional bar to suit. United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)(the United States of America, as sovereign, is immune from suit except to the extent it consents to be sued). Because the United States and federal entities are not subject to suit under Bivens, any Bivens claim should be dismissed with prejudice as to the DEA and the United States Marshals Service.

### 5.   Claim for Punitive Damages

Plaintiff seeks punitive damages against all defendants. "[A] jury may be permitted to assess punitive damages in an action under §1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award, ... its intent standard, at a minimum, required recklessness in its subjective form." Kolstad v. American Dental Ass'n, 527 U.S. 526 (1999). Smith refers to a "subjective consciousness" of a risk of injury or illegality and a "criminal indifference to civil obligations." Smith, 461 U.S. at 45-48 (quoting Philadelphia, W. & B.R. Co. v. Quigley, 62 U.S. 202, 214 (1858).

At this early juncture it cannot be determined whether

11

punitive damages should be awarded against the defendants. It is therefore recommended that the plaintiff's claim for punitive damages proceed against Officer Rott and the five unnamed federal task force agents, in their individual capacity.

### VI. Conclusion

Based on the foregoing, it is recommended that:

1.  The excessive force claim against Officer Rott and the five unknown federal task force officers proceed;

2.  The illegal search and seizure claim against Officer Rott be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii);

3.  The claim against Officer Rott, alleging the unlawful taking of property be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii);

4.  The claims against the DEA and the United States Marshall be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

5.  That the punitive damages claim proceed as to Officer Rott and the five unnamed federal task force officers. That plaintiff be permitted to amend the complaint to cure the deficiencies, if possible. See Allen v. Evans, 2011 WL 1162386 at *3 (D. Del. Mar. 29, 2011)(finding that before dismissal of a complaint or claim for failure to state a claim upon which relief

may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the court must grant plaintiff leave to amend the complaint, unless amendment would be inequitable or futile)(citing Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002)). As one court previously instructed, the *pro se* plaintiff should be advised as follows:

> An amended complaint operates as a complete substitute (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable–once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. Therefore, in amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged....[The Amended Complaint] may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case...In order to make a short and plain statement of claims against the defendants, [P]laintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights.

See Vasquez v. Pierce County Jail, 2012 WL 1377098 at *5 (W.D. Wash. Apr. 18, 2012)(internal citation omitted). Plaintiff should be reminded that for each separate allegation, the Amended Complaint should identify the specific defendant or defendants against whom the claim is brought and the constitutional or federal law the plaintiff contends was violated. It should also contain clear, specific factual allegations with respect to the conduct of each defendant that plaintiff contends violated his rights and the date on which the alleged conduct took place.

Objections to this report may be filed with the District Judge

within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 8th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Reginald Eugene Grimes, Pro Se
    DC# 0067253
    Palm Beach County Jail
    Inmate Mail/Parcels
    Post Office Box 24716
    West Palm Beach, FL 33416