UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY_____D.C.
DEC 10 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

REGINALD EUGENE GRIMES,
Plaintiff,

CASE NO. 15-CV-80972-RUIZ/REID

vs.

OFFICER RICHARD ROTT, et al.,
Defendants.                    /

PLAINTIFF'S **REPLY** TO DEFENDANTS APPEAL OF MAGISTRATE JUDGE'S
PAPERLESS ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (DE 242) (SEE DE 244)

COME NOW, Plaintiff (Reginald Eugene Grimes) Pro se[1] files "Plaintiff's **Response** Defendants Appeal of Magistrate Judge's Paperless Order Granting Plaintiff's Motion To Compel (DE 242)(See DE 244)."

Plaintiff would state the following:

#1.    Plaintiff would like the records to reflect that the Defendants Representative ((AUSA) Karin D. Wherry) is attempting to **Mislead** This Honorable District Court in which "Plaintiff" mailed/filed the "Pro se Motion Requesting Production" on **August 1, 2019,** in which was received by the Representatives ((AUSA) Karin D. Wherry) for the Defendants on **August 7, 2019,** and filed in The District Court on **August 8, 2019,** in which is **BEFORE said Deadline of August 15, 2019.** (See DE #196 and compare DE #207).

#2.    Plaintiff would like the records to reflect that Defendants **NEVER** supplied Plaintiff with a copy of the alleged photograph allegely taken at the Drug Enforcement Administration Office (DEA Office) on **January 14, 2015,** in which is Plaintiff's **Driving License Photograph that was taken on JULY 2, 2010,** that the Government used as Plaintiff's **Booking Photograph for the Records.** "See Excerpts from Plaintiff's Desposition. Page 116, Lines 2 - 24, which states the following:

---

(1)  Haines vs. Kerner, 30 L.Ed.2d 652 (1972), "Pro se litigant pleadings are to be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers; if Court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or litigants unfamiliarity with pleading requirements..."

"... Q.   Was there blood ?  You said ther was blood ?

A.   Yes.  You could look at me.  The pictures you got in there were 12 hours later, so just imagine what I looked like 12 hours before.

Q.   Then you went from Palm Beach County Detention Center to the hospital; is that right ?

A.   That's where they took me, yes, ma'am, 12 hours later.

Q.   Here is the picture -- and I'll have the court reporter mark it, but I want to show you this photograph.  This is the photograph they showed me that was one taken at DEA, and I don't see any marks on your face.

A.   No, ma'am. This is not the photograph, ma'am.  This  is --

Q.   Do you have a copy of the photograph ?

A.   Yes, ma'am.  It's in the unit.  I can go to the unit and get it.  Do you want me to ? Yes, ma'am. I can go down to the unit and bring my stuff right here.  This in not the photograph, ma'am.

Q.   That's the one they said they took of you at DEA.  That's what they gave me.

A.   **Ma'am, can you stop for one moment ?** (See Exhibit-**#1** - A copy of Page 116, Lines 2 - 24, of the July 25, 2019, Deposition Hearing of Plaintiff that was taken by "(AUSA) Karin Wherry.")."

Also look at "Excerpt from Plaintiff's Deposition, Page 121, Lines 1 - 3, which states the following:

"... MS. WHERRY:   **I have never seen these before.**

THE WITNESS:   You have never seen them ?

MS. WHERRY:   **No...**" (See Exhibit-**#2** - A copy of Page 121, Lines 1-3, of the July 25, 2019, Deposition Hearing of Plaintiff that was taken by "(AUSA) Karin Wherry.")."

Plaintiff would like the records to reflect that it is **Evident** that the Defendants and/or the Defendants Representative (The United States Attorneys Office for The Southern District of Florida) is attempting to **Conceal Facts of Truth, from Plaintiff and the Eyes of The Honorable District Court by Fail**ing to supply "ALL OF THE REQUESTED DISCOVERY FOR SAID UP COMING TRIAL" in

which is a violation of Plaintiff's 4th, 5th, and 14th United States Constitutional Amendment Rights. See "<u>United States v. Salerno</u>, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697, states "The due process clause of the Fifth Amendment to the United States Constitution protects individuals against two types of government actions: **(1)** "substantive" due process prevents the government from engaging in conduct that **(a)** shocks the conscience or **(b)** interferes with the rights implicit in the concept of ordered liberty; and **(2)** Even if government action depriving a person of life, liberty, or property survives substantive due process scrutiny, "Procedural" due process requires that such government actions be implemented in a fair manner."

#3.   Plaintiff would like the records to reflect that on **April 15, 2019,** The Honorable United States Magistrate Judge LISETTE M. REID, placed the following "ORDER SCHEDULING PRETRIAL PROCEEDINGS WHEN PLAINTIFF IS PROCEEDING PRO SE", in which is said "ORDER" on Number 1, states the following, which is "All methods for disclosures and discovery, provided for under Rule 26, et seq. of the Federal Rules of Civil Procedure, shall be completed by **August 15, 2019.** This shall include all motions relating to discovery." (See DE #196).

Plaintiff would like the records to reflect that the Defendants **Did Not Set Up The Deposition Hearing for the Months of "April, May or June of 2019" but Waited Until "July 25, 2019" to Have said Hearing,** in which was on a Thursday and **One (1) Week** After said Deposition Hearing Plaintiff filed "Plaintiff's Reginald Eugene Grimes **Request For Production**" on Thursday of **August 1, 2019.**
(See DE #'s, 193, 196, 204, 207 and 242).

#4.   Plaintiff would like the records to reflect that "The Defendants **could have Requested for a Extension of Time to File the Discovery request,** but the Defendants **Never Requested said Extension,**" in which said Request was received by the Defendants **Seven (7) Days Before "August 7, 2019"** the August 15, 2019 **Date.**

#5.   Also Plaintiff would like to bring to This Honorable District Court's Attention that The Defendants and/or The Defendants Representative (AUSA) Karin D. Wherry, continue to **Mislead** This Honorable District Court, in which Page 7 of 7, states the following **"False Statement":**

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on **November 19, 2019,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                    Karin D. Wherry
                                    Karin D. Wherry
                                    Assistant United States Attorney

**Via U.S. Mail**
Reginald Eugene Grimes
Federal Prison Camp
Inmate Mail/Parcels
P.O. Box 3949
Pensacola, FL 32516

     Plaintiff would like the records to reflect that a complete review of **"DE #244"** shows that said Document was filed on **November 25, 2019, and not on November 19, 2019,** in which Plaintiff's copy was mailed to Plaintiff on **November 26, 2019 and not on November 19, 2019,** in which **Some Type of SANCTIONS should be Filed Against (AUSA) Karin D. Wherry, Fla. Bar No. 509530.** See "In Re: Oath of Admission to the Florida Bar, 73 So.3d 149 (Fla. 2011), "[I] will never seek to mislead the judge or jury by an artifice or false statement of fact or law [.]"

WHEREFORE, based upon the foregoing "Plaintiff's **Reply** To Defendants Appeal of Magistrate Judge's Paperless Order Granting Plaintiff's Motion To Compel (DE 242) (See DE 244)" This Honorable District Court should **DENY** "Defendants Appeal of Magistrate Judge's Paperless Order Granting Plaintiff's Motion To Compel (DE 242)" which is **"DE #244"** and/or **"GRANT"** Plaintiff Any Other Relief Deems Just.

                                                By: *Reginald Grimes*
                                                    Reginald Eugene Grimes

Case 9:15-cv-80972-RAR Document 253 Entered on FLSD Docket 12/11/2019 Page 5 of 9
Case 9:15-cv-80972-RAR Document 221-3 Entered on FLSD Docket 10/21/2019 Page 117 of 168

116

```
 1      A.   You could look at me. It wasn't no --
 2      Q.   Was there blood? You said there was blood?
 3      A.   Yes. You could look at me. The pictures
 4 you got in there were 12 hours later, so just imagine what
 5 I looked like 12 hours before.
 6      Q.   Then you went from Palm Beach County
 7 Detention Center to the hospital; is that right?
 8      A.   That's where they took me, yes, ma'am, 12
 9 hours later.
10      Q.   Here is the picture -- and I'll have the
11 court reporter mark it, but I want to show you this
12 photograph. This is the photograph they showed me that
13 was one taken at DEA, and I don't see any marks on your
14 face.
15      A.   No, ma'am. This is not the photograph,
16 ma'am. This is --
17      Q.   Do you have a copy of the photograph?
18      A.   Yes, ma'am. It's in the unit. I can go to
19 the unit and get it. Do you want me to? Yes, ma'am. I
20 can go down to the unit and bring my stuff right here.
21 This is not the photograph, ma'am.
22      Q.   That's the one they said they took of you at
23 DEA. That's what they gave me.
24      A.   Ma'am, can you stop for one moment? I will
25 be right back. They will let me run right back. I will
```

EXHIBIT-#1

5 of 7

Case 9:15-cv-80972-RAR Document 253 Entered on FLSD Docket 12/11/2019 Page 6 of 9
Case 9:15-cv-80972-RAR Document 221-3 Entered on FLSD Docket 10/21/2019 Page 122 of 168
121

```
 1         MS. WHERRY:  I have never seen these before.
 2         THE WITNESS:  You have never seen them?
 3         MS. WHERRY:  No.  Remember, I just got in
 4   the case?  So I haven't seen everything.
 5         THE WITNESS:  But if they told you that's
 6   the photograph --
 7         MS. WHERRY:  This is one that I saw that was
 8   on an e-mail that I had from the agents, but I
 9   understood this was what they took.
10         THE WITNESS:  No.
11         MS. WHERRY:  Now, this was from DEA; I
12   didn't get anything from Palm Beach County.
13         THE WITNESS:  Palm Beach County.
14         MS. WHERRY:  So I will see if they can make
15   a color copy for us.  If they can, then I will
16   just get that.  I just need one set, I'll give you
17   your originals back.
18         THE WITNESS:  All right.
19         MS. WHERRY:  And then you can look and
20   verify the ones that were given to the court
21   reporter are copies of what you have given me from
22   Palm Beach.
23         If I cannot or if they are not able to make
24   a color copy, we'll make a black and white copy.
25   At least I will be able to go back and look and
```

EXHIBIT-#2                    6 of 7

## CERTIFICATE OF SERVICE

I (REGINALD EUGENE GRIMES) HEREBY CERTIFY **that on December 3, 2019,** the foregoing (Plaintiff's **Reply** To Defendants Appeal of **Magistrate Judge's Paperless Order** Granting Plaintiff's Motion To Compel (DE 242) (See DE 244)) was mailed to the below listed by The United States Postal Service, First Class Mail:

Clerk of Court
United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, FL. 33128

(AUSA) Karin D. Wherry
United States Attorneys Office
(Attorney for Defendants)
99 NE 4th Street
Miami, FL. 33132

Respectfully submitted,

*Reginald E. Grimes* (signature)
Reginald Eugene Grimes #40127-004
Pensacola Federal Prison Camp
P.O. Box 3949
Pensacola, FL. 32516

REGINALD EUGENE GRIMES #40127-004
PENSACOLA FEDERAL PRISON CAMP
P.O. BOX 3949
PENSACOLA, FL. 32516





⇔40127-004⇔
Clerk Of Court
400 North Miami Avenue
Miami, FL 33128
United States

Federal Prison Camp, P. O. Box 3949, Pensacola, FL 32516
Date 12-4-19   The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither open nor inspected. If the writer raises a question or problem over which the facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence fo forwarding to another addressee, please return the enclosure to the above address.

LEGAL MAIL: