UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:15-cv-80972-RAR

REGINALD EUGENE GRIMES,

    Plaintiff,

v.

RICHARD ROTT, *et al.*,

    Defendants.

_____/

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF PRIOR CONVICTIONS AND CHARGES, STATUS AS A "FELON,"
PRIOR LITIGATION, AND PRISON DISCIPLINARY HISTORY**

Plaintiff Reginald Eugene Grimes ("Plaintiff" or "Mr. Grimes") respectfully submits this Motion in Limine to Exclude Evidence of Criminal Convictions and Charges, Status as a "Felon," Prior Litigation, and Prison Disciplinary History (the "Motion"), and in support states as follows:

### INTRODUCTION

It is undisputed in this case that Mr. Grimes was taken to the Palm Beach County Jail on the day of his arrest, after spending hours in custody at a DEA holding facility. ***Two*** officers, including a supervising sergeant, at the jail refused to admit Mr. Grimes because of visible injuries to his face and head. These officers informed Mr. Grimes and his DEA escort that Mr. Grimes would have to be medically cleared before he could be admitted. Mr. Grimes was then taken to the Wellington Regional Medical Center, where a nurse described him as "present[ing] with … multiple injuries to the face" and having "multiple contusion[s] to the face and lips[.]"

Each Defendant is expected to testify that he did not participate in Mr. Grimes's arrest or

witness the arrest. The only percipient witness other than Mr. Grimes is non-defendant Deputy United States Marshal James Hart, who has testified that Mr. Grimes "complied" with commands to lay on the ground. No other eyewitnesses were identified during five years of discovery and there is no dashcam video or recording of the arrest.

This case, in other words, will turn on how the jury weighs conflicting witness testimony. They must determine how Mr. Grimes incurred "multiple contusion[s] to the face and lips" when it is ***undisputed*** that he surrendered by laying on the ground. The fact that Mr. Grimes must take the stand to present his testimony and carry his burden of proof, however, should not open the door to Defendants to use cross-examination as a vehicle to prejudice the jury. Evidence of Mr. Grimes' prior charges and convictions, predominantly violent felonies, could lead the jury to believe that Mr. Grimes "deserves what he gets." But as the Supreme Court has made clear, "[b]eing violently assaulted … is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Evidence that Mr. Grimes has filed civil lawsuits in the past would, also, be highly prejudicial and irrelevant. "The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." *Outley v. City of New York*, 837 F. 2d 587, 592 (2d Cir. 1988) (citing McCormick on Evidence, § 196 (3d ed. 1984)). Because Defendants will be unable to present evidence that prior lawsuits filed by Mr. Grimes were "fraudulent," evidence of the suits should be excluded. McCormick on Evidence, § 196 (8th ed. 2020) (evidence of prior litigation is admissible "only if there is a basis for concluding that the claim[] [was] fabricated."). The same is true of Mr. Grimes' prison disciplinary record, which carries a similar potential to prejudice the

jury without the probative value of judicial fact finding.

This case is not about Mr. Grimes' prior charges or convictions, prior litigation, or prison disciplinary history. Indeed, none of Mr. Grimes' charges or convictions touch upon truth or honesty. Mr. Grimes, therefore, requests that this Court follow the lead of *Williams v. Asplundh Tree Expert Co.*, 2006 WL 2942796 (M.D. Fla. Oct. 9, 2006), where the court ruled that "evidence of [the plaintiff's] felony conviction is inadmissible to impeach [his] credibility" but recognized, in fairness to the defense, that if the "felony conviction becomes relevant for a purpose other than impeachment[,] the Court will consider a motion outside the hearing of the jury for admission of the evidence." *Id.* at *4. This holding strikes an appropriate balance under the circumstances of this case. Mr. Grimes, therefore, requests that the Court enter an order precluding any mention of Plaintiff's prior charges or convictions at trial unless the issue becomes relevant for some other purpose, at which point Defendants should make a motion outside the hearing of the jury.

**FACTUAL BACKGROUND**

1. Mr. Grimes has been convicted of the following:

| No. | Charge[1] | Date of Conviction | Date Released |
|---|---|---|---|
| 1 | *Robbery* (Palm Beach County, Case No. 82-5029CF-A02) | October 27, 1982 | May 3, 1985 |
| 2 | *Possession of Cocaine* (Palm Beach County, Case No. 87-523CF-A02) | March 31, 1987 | October 5, 1988 |
| 3 | *Possession of a Firearm by a Convicted Felon* (Palm Beach County, Case No. 85-6018CF-A02-A02) | March 31, 1987 | October 5, 1988 |
| 4 | *Carrying a Concealed Firearm* | March 31, 1987 | October 5, 1988 |

---

[1] This information is derived from United States' Notice of Intention to Admit Defendant's Prior Convictions as Impeachment in *United States v. Grimes*, 9:15-cr-80003-DMM. *See* ECF No. 503.



| | | | |
|---|---|---|---|
| | (Palm Beach County, Case No. 85-6018CF-A02-A02) | | |
| 5 | *Possession of a Firearm by a Convicted Felon* (Palm Beach County, Case No. 86-13045CF-A02) | March 31, 1987 | October 5, 1988 |
| 6 | *Possession of a Firearm by a Convicted Felon* (Palm Beach County, Case No. 88-16098CF-A02) | April 17, 1989 | December 13, 1989 |
| 7 | *Battery on a Law Enforcement Officer* (Broward County, Case No. 88-20908CF-A02) | June 12, 1989 | April 19, 1992 |
| 8 | *Battery on a Law Enforcement Officer* (Lafayette County, Case No. 89-42CF-A02) | January 10, 1990 | August 13, 1994 |
| 9 | *Possession of a Firearm by a Convicted Felon* (Palm Beach County, Case No. 92-11259CF-A02) | March 24, 1994 | March 24, 1994 |
| 10 | *Possession of a Firearm by a Convicted Felon* (S.D. Fla., Case No. 93-CR-08102-RLR) | June 1, 1994 | October 22, 2013 |
| 11 | *Aggravated Assault on a Police Enforcement Officer*; *Fleeing or Attempting to Elude*; *Resist Officer without Violence* (Palm Beach County, Case No. 502011-CF007124AXXXMB) | Acquitted | N/A |
| 12 | *Conspiracy to Distribute Controlled Substance; Distributing and Selling Narcotics* (S.D. Fla., Case No. 9:15-CR-80003-DMM) | January 15, 2013 | N/A |

2. In answers elicited by counsel for Defendants during his deposition, Mr. Grimes testified to lawsuits he has filed against other persons and entities, and about his disciplinary history in jail.

4



      3.      Mr. Grimes expects Defendants to elicit testimony on these subjects at trial.

ANALYSIS

**(I)    Standard.**

Two Rules of Evidence bear on this Motion. Rule 403 provides that relevant evidence may be excluded if its probative value is "substantially outweighed" by, *inter alia*, "danger of … unfair prejudice" to a party. The second, Rule 404(b), provides that:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Federal courts in Florida have recognized that separate balancing tests apply when the evidence is sought to be admitted against an accused defendant as opposed to a civil litigant:

> First, if the witness being impeached is the accused in a criminal case, a prior felony may be admitted as impeachment only if "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Second, for all other witnesses, including the plaintiff in a civil case, the prior felony must be admitted for impeachment purposes unless its probative value is substantially outweighed by the danger of unfair prejudice or by other considerations stated in Rule 403. *Compare* Fed. R. Evid. 609(a)(1) *with* Fed. R. Evid. 403.

*Williams*, 2006 WL 2942796, at *3 n.1.

**(II)    Prior Charges and Convictions.**

Mr. Grimes' prior convictions or charges are "not highly probative of his veracity" for a number of reasons. *Id.* None involved fraud or dishonesty and many date to the 1980s and early 1990s, making them presumptively inadmissible under Rule 609(b). And while Defendants have made clear that they intend to elicit testimony about 2013 charges that Mr. Grimes eluded and assaulted law enforcement charges, Mr. Grimes was acquitted of those charges. Furthermore, the

5



evidence is not relevant for to show motive, intent, or any other criterion identified in Rule 404(b). There is no suggestion, for instance, that Mr. Grimes' prior criminal conduct motivated his decision to flee. *See Anderson v. Mascara*, 347 F. Supp. 3d 1163, 1184 (S.D. Fla. 2018) ("[Defendants] point to nothing in the record indicating that [Plaintiff] ran from the stop for any reason associated with his criminal background[]…[t]hus…that [background] is inadmissible."). Nor is it relevant to show that Defendants were justified in using a heightened level of force against Mr. Grimes. According to Defendants, they did not arrest Mr. Grimes. They maintain other officers conducted the arrest, while the lone officer who has acknowledged to participating in the arrest of Mr. Grimes, Mr. Hart, has testified Mr. Grimes "complied" when ordered to the ground. Accordingly, Mr. Grimes respectfully requests that the Court exclude evidence relating to criminal charges or convictions, including Mr. Grimes' status as a "felon," unless Mr. Grimes opens the door to the evidence. *See Williams,* 2006 WL 2942796, at *3 ("[E]vidence of Williams' felony conviction is inadmissible to impeach Williams' credibility… If Williams' felony conviction becomes relevant for a purpose other than impeachment of Williams' general credibility, the Court will consider a motion outside the hearing of the jury.").

**(III)  Prison Disciplinary Record.**

Mr. Grimes asks that the Court exclude evidence of his disciplinary history in prison. The evidence would be as prejudicial as evidence of his prior convictions, without the judicial findings or due process of a conviction. Its probative value, therefore, would be very limited. *See, e.g.*, *Cummings v. Malone*, 995 F. 2d 817, 823 (8th Cir. 1993) (evidence of plaintiff raping female guard in prison irrelevant to claims). Mr. Grimes respectfully requests that the Court exclude evidence of his prison disciplinary record at trial.



**(IV)     Prior Litigation History.**

Litigiousness is "the sort of character trait with which Rule 404(b) is concerned." *Outley v. City of New York*, 837 F. 2d 587, 592 (2d Cir. 1988) (citing McCormick on Evidence, § 196 (3d ed. 1984)). It is "likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." *Id.* Defendants have not set forth any basis to admit evidence that Mr. Grimes is litigious, other than to note that he has previously filed civil lawsuits against officers in unrelated contexts. Such evidence "would undoubtedly cause the jury to question the validity of [Mr. Grimes'] current claims." *Id.* As a result, the evidence is admissible "only if there is a basis for concluding that the claim[] [was] fabricated." McCormick on Evidence, § 196 (8th ed. 2020). As there has been no such showing, Mr. Grimes asks that the Court exclude testimony relating to Mr. Grimes' litigation history.

## CONCLUSION

Mr. Grimes respectfully requests that the Court exclude evidence of prior criminal charges or convictions, prior litigation, or prison disciplinary record, and grant such further relief in Mr. Grimes' favor as the Court deems just and proper.

## LOCAL RULE 7.1(a) CERTIFICATION

Counsel for Mr. Grimes conferred with counsel for the Defendants regarding the relief sought herein. Defendants oppose the Motion.



Respectfully submitted,

By: /s/*Jason B. Sherry*
Jason B. Sherry, Esq.
Florida Bar No. 102218
SHERRY LAW OFFICE, PLLC
*Counsel for Plaintiff Reginald Grimes*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel:  305-792-4265
jason@sherrylawoffice.com


- and -


Nicolas Swerdloff, Esq.
Florida Bar No. 070416
Jeffrey B. Goldberg, Esq.
Florida Bar No. 118689
Gil Ben-Ezra, Esq.
Florida Bar No. 0118089
HUGHES HUBBARD & REED LLP
*Counsel for Plaintiff Reginald Grimes*
201 South Biscayne Blvd., Ste. 2500
Miami, FL 33131
Tel: 305-358-1666
Fax: 305-371-8759

8



## **CERTIFICATE OF SERVICE**

I certify that the foregoing document has been served by the CM/ECF system on all counsel of record in this action this 19th day of January 2020.

By: /s/ *Jason B. Sherry*
Jason B. Sherry, Esq.
