# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:15-CV-80972-RAR

REGINALD EUGENE GRIMES,

     Plaintiff,

v.

RICHARD ROTT, *et al.*,

     Defendant.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT
## AS A MATTER OF LAW AND ENTERING JUDGMENT FOR THE DEFENDANTS

     In the early morning hours of January 14, 2015, a Drug Enforcement Administration Task Force comprised of federal and state law-enforcement officers set out to execute an arrest warrant for the apprehension of nineteen individuals indicted for serious drug offenses. Plaintiff Reginald Eugene Grimes ("Grimes") was one of those individuals. The Defendants, Officer Richard Rott ("Rott"), Special Deputy U.S. Marshal ("SpDUSM") Chris Baker ("Baker"), SpDUSM Anton Franks ("Franks"), SpDUSM Steven Hearn ("Hearn"), DUSM David Santana ("Santana"), SpDUSM Jacob Sirmans ("Sirmans"), SpDUSM Andrew Tallichet ("Tallichet"), and SpDUSM Rodney Vizzo ("Vizzo"), collectively ("Defendants"), were the team assigned to arrest Grimes. Following a high-speed chase through Riviera Beach, Florida, Grimes' vehicle came to a halt; he got out and laid face-down on the ground. Grimes testified that Defendant Rott immediately handcuffed him and then "hit [him] on the top of [his] head with an object shaped like a firearm," which "bust[ed] [his] head open." Grimes further testified that several other officers "came, like, that same time" and "went to kicking [him], hitting [him] while Richard Rott had [him] on the ground." The only officer that Grimes could identify was Defendant Rott.

Following a four-day trial, the jury found that Grimes failed to prove his claims against Defendants Santana, Vizzo, Baker, and Sirmans. As to Defendants Rott, Hearn, Tallichet, and Franks, the jury found in favor of Grimes, awarding him zero compensatory damages and $4,000 per Defendant in punitive damages. After the Court published the jury's verdict, Defendants renewed their *ore tenus* motion for judgment as a matter of law (the "Motion") pursuant to Federal Rule of Civil Procedure ("FRCP") 50(b). Defendants argued, among other things, that they were entitled to qualified immunity because, assuming that the Defendants struck Grimes, his injuries were de minimis. The Court agreed and granted the Motion, finding that the evidence was legally insufficient for a reasonable jury to find by a preponderance of the evidence that any Defendant used excessive or unreasonable force as contemplated by 42 U.S.C. § 1983.[1] *See Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713, 724 (11th Cir. 2012) ("Federal Rule of Civil Procedure 50 allows a district court to grant a motion for judgment as a matter of law if the court finds that a reasonable jury [did] not have a legally sufficient evidentiary basis to find for the nonmoving party." (internal citation omitted)).

Determining whether, under § 1983, the force used by an officer is excessive requires consideration of "many factors including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Sebastian v. Ortiz*, 918 F.3d 1301, 1308 (11th Cir. 2019) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). A court must also consider "the relationship between the need and amount of force used" and "the extent of the injury inflicted." *Vinyard v. Wilson*, 311 F.3d 1340, 1347 (11th Cir. 2002). Of course, "the right to make an arrest

---

[1] The qualified immunity analysis is the same, regardless of whether a plaintiff files suit under 42 U.S.C. § 1983 or, as here, pursuant to *Bivens*. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999).

necessarily carries with it the right to use some degree of physical coercion or threat thereof, and the typical arrest involves some force and injury." *Sebastian*, 918 F.3d at 1308 (internal citation and quotation marks omitted). Consequently, "the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000).

The evidence irrefutably demonstrates that the Defendants used de minimis force. Although Grimes testified that he was "hit . . . on the top of [his] head with an object shaped like a firearm," which "bust[ed] [his] head open," his own evidence clearly refutes his testimony. Grimes' color photographs of his injuries show nothing more than two or three very minor abrasions on his face and head. *See* Plaintiff's Exhibits 2(a)-(b) (attached and made a part of this Order). Moreover, Grimes' medical records show that he was brought to the Wellington Regional Medical Center for "medical clearance." The medical staff noted that Grimes was "alert, [in] no acute distress," was "feeling much better," and "request[ed] to go home." The medical staff diagnosed Grimes' condition as a "head contusion,"[2] provided him with Ibuprofen, and medically cleared him to be transported to the jail. The "minor nature" of Grimes' objectively demonstrated injuries "reflects that minimal force was used" in Grimes' arrest. *See Sebastian*, 918 F.3d at 1308-09 (quoting *Gold v. City of Miami*, 121 F.3d 1442, 1446 (11th Cir. 1997)). In addition, the crime for which Grimes was being arrested was a serious federal drug offense, Grimes attempted to evade the Defendants in a high-speed chase, and was known to be a dangerous felon.[3] These facts fall "within the ambit of the de minimis force principle" and, therefore, the evidence is

---

[2] Presumably the minor abrasion depicted in the attached photographs.

[3] Prior to Grimes' arrest, Defendants received a "briefing package" detailing Grimes' criminal history, which includes convictions of the following felonies: Robbery, Possession of Cocaine, Possession of a Firearm by a Convicted Felon (five times), Carrying a Concealed Firearm, Battery on a Law Enforcement Officer (twice), Conspiracy to Distribute a Controlled Substance, Distributing and Selling Narcotics.

insufficient to support a claim for excessive force in violation of the Fourth Amendment. *Id.*; *Nolin*, 207 F.3d at 1257. Accordingly, for the reasons stated on the record and herein, it is

**ORDERED AND ADJUDGED** that Defendants' Motion is **GRANTED**. Accordingly, the Court enters judgment for the Defendants. *See* FRCP 50(b)(3). All pending motions are denied as moot and the case is **CLOSED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on February 4, 2020.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record



EXHIBIT

2 (a)

PLAINTIFF'S
EXHIBIT

2



EXHIBIT

2 (b)